UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENT ALAN OWINGS,

    Petitioner,

v.

MINIARD,

    Respondent,
_____/

Civil Action No.
21-CV-11355

HONORABLE MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

## OPINION & ORDER
## (1) GRANTING MOTION TO STAY PROCEEDINGS AND HOLD IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 2) AND (2) ADMINISTRATIVELY CLOSING THE CASE

Petitioner Brent Alan Owings, confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his convictions for first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84. Petitioner has also filed a motion to hold the petition in abeyance in order to permit him to return to the state courts to file a post-conviction motion to exhaust claims (Dkt. 2).

For the reasons that follow, the Court will hold the petition in abeyance and will stay the proceedings under the terms discussed below to permit Petitioner to return to the state courts to exhaust additional claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. People v. Owings, No. 340111 (Mich. Ct. App. Mar. 14, 2019); leave denied, 939 N.W.2d 251 (Mich. 2020).

1

Petitioner filed the petition for writ of habeas corpus on May 27, 2021. Petitioner seeks habeas relief on 12 grounds. By his own admission, Petitioner's ninth through twelfth claims have yet to be exhausted.

The instant petition is subject to dismissal because Petitioner, by his own admission, has failed to exhaust several of his claims with the state courts.

As a general rule, state prisoners seeking federal habeas relief must first exhaust their available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)–(c). See Picard v. Connor, 404 U. S. 270, 275–278 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. See Wagner v. Smith, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. Id. Federal district courts must dismiss mixed habeas petitions containing both exhausted and unexhausted claims. See Pliler v. Ford, 542 U.S. 225, 230 (2004).

Petitioner's habeas application is subject to dismissal because it contains claims that have yet to be exhausted with the state courts. The Court is concerned that the outright dismissal of the petition, even without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as Petitioner appears to have done, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). A federal court may stay a federal habeas

petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 278 (2005).

Petitioner's claims do not appear to be "plainly meritless." Wagner, 581 F.3d at 419. Further, Petitioner asserts that he did not raise these claims in the state courts due to the ineffective assistance of appellate counsel. Id. at 419 n.4, 5. Petitioner also has alleged good cause for failing to raise his ineffective assistance of appellate counsel claim earlier, because state post-conviction review would be the first opportunity that he had to raise this claim in the Michigan courts. See Guilmette v. Howes, 624 F. 3d 286, 291 (6th Cir. 2010). Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics." See Rhines, 544 U.S. at 278.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. See id. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. Id. "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." Id. (punctuation modified).

Finally, to avoid administrative difficulties, the Court directs the Clerk of Court to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be

3

considered a dismissal or disposition of this matter. See Sitto v. Bock, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

Petitioner's motion to hold his petition in abeyance (Dkt. 2) is granted, in accordance with the following terms. Petitioner may file a motion for relief from judgment with the state trial court within 60 days of receipt of this Court's order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice. If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the Petitioner's exhaustion of the claim or claims. Petitioner shall re-file his habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. Calhoun v. Bergh, 769 F.3d 409, 411 (6th Cir. 2014).

The Clerk of Court is directed to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. Sitto, 207 F. Supp. 2d at 677. Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

SO ORDERED.

Dated: July 23, 2021                          s/Mark A. Goldsmith
    Detroit, Michigan                     MARK A. GOLDSMITH
                                              United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 23, 2021.

s/Karri Sandusky
Case Manager
